**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**GUSTAVO PETASNE,**

      **Plaintiff,**

**-vs-**                   **Case No. 6:07-cv-1280-Orl-31DAB**

**LA CUCINA & BAKERY, LLC,**

      **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 17)**
>
> **FILED:**    **April 14, 2008**
>
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED and the complaint be dismissed**.

This is an action for unpaid minimum wages, under the Fair Labor Standards Act (herein "the FLSA") (Doc. No. 1). Originally, Plaintiff sought relief against Defendant La Cucina & Bakery, LLC (herein "the restaurant") and Greg Mullen, an individual, for violation of FLSA and for damages resulting from issuance of a "bad check." (Doc. No. 1, Count II). Plaintiff voluntarily dismissed his claims against the individual (Doc. No. 11) and abandoned his bad check claim (Doc. No. 17, footnote 2), leaving only the unpaid minimum wages claim against the restaurant. As the restaurant has

apparently gone out of business,[1] Plaintiff served the Florida Department of State Division of Corporations (Doc. No. 10), no appearance was made in this action, and a clerk's default was eventually entered against Defendant (Doc. No. 16). The instant motion followed.

As there has been no showing that either Plaintiff or the restaurant come within the provisions of FLSA, it is **respectfully recommended** that the motion be **denied** and the complaint be dismissed.

### *ANALYSIS*

Plaintiff seeks to hold Defendant liable for violation of the minimum wage provision of the Fair Labor Standards Act, 29 U.S.C. §§ 206(a).[2] Plaintiff bears the burden of proving by a preponderance of the evidence: 1) the existence of an employment relationship; 2) that he was an employee engaged in commerce or employed by an "enterprise" engaged in commerce; 3) that Defendant failed to pay the minimum wage required by the FLSA; and 4) he is owed the amount claimed by a just and reasonable inference. *See* 29 U.S.C. § 206(a). Although Plaintiff has submitted his Affidavit (Doc. No. 17-2), the Affidavit fails to support his claim that he was an employee engaged in commerce or employed by an "enterprise" engaged in commerce. Rather, Plaintiff attempts to prove his claim by reliance on the allegations of his unsworn complaint. For the following reasons, this is insufficient.

Plaintiff correctly notes that the effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v.*

---

[1] The public record indicates that La Cucina & Bakery LLC has been administratively dissolved. *See* www.sunbiz.org. The Affidavit of Non-service indicates that as of August 10, 2007, the restaurant was no longer operating at the listed location (Doc. No. 6).

[2] 29 U.S.C. § 206(a)(1) provides that "[e]very employer shall pay to each of his employees who . . . is engaged in commerce or in the production of goods for commerce . . . [the minimum wage]."

*Bowman,* 820 F.2d 359, 361 (11th Cir. 1987).  A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975).  If the amount of damages sought are not specified in the Complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

Here, Plaintiff asserts in his Complaint that he was employed by the restaurant "as a server" from January to March 2007 (Allegation 4), and that the restaurant is "an employer as defined by 29 U.S.C. Section 203(d) and has employees subject to the provisions of the FLSA, 29 U.S.C. Section 206, in the facility where Plaintiff was employed." (Allegation 5).  The Complaint alleges that Plaintiff "at all times relevant to violations of the Fair Labor Standards Act was engaged in commerce as defined by 29 U.S.C. Section 206(1) and 207(a)(1)" and alternatively, the restaurant "is an enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. Section 203(s)(1)." (Allegations 6 and 7).  Although Plaintiff has pled bald conclusions that the restaurant is liable under either or both enterprise or individual coverage, no *facts* are alleged sufficient to establish that proposition.  As noted by the Southern District:

> While the determination of coverage under the FLSA must be resolved on the facts of each case, it is nonetheless a question of law. *See Donovan v. Weber*, 723 F.2d 1388, 1391-92 (8th Cir. 1984) (enterprise coverage is a matter of law but must be resolved on the facts of each case); *see also Birdwell v. City of Gadsden*, 970 F.2d 802, 807-08 (11th Cir. 1992) (under the FLSA, "[i]t is for the court to determine if a set of facts gives rise to liability"); *Patel v. Wargo*, 803 F.2d 632, 634 (11th Cir. 1986) (the determination of whether an entity is an employer under the FLSA requires individual findings of fact that lead to a legal determination).

*Silver v. Dr. Neal Krouse*, *D.O., P.A.*, 2007 WL 4098879 (S.D. Fla. 2007) (slip opinion).  Absent any proof of facts sufficient to support the legal determination, the motion must be denied.

The FLSA defines an "enterprise engaged in commerce" as, among other things, an enterprise with annual gross revenue of $500,000 or greater. 29 U.S.C. § 203(s). There is no allegation or evidence that this restaurant, since closed, ever had annual gross revenues sufficient to qualify as an enterprise engaged in commerce.

For "individual coverage" to apply under FLSA, Plaintiff must prove that he was: 1) engaged in commerce or 2) engaged in the production of goods for commerce. 29 U.S.C. § 206(a)(1). The work of employees "engaged in commerce" involves or relates to "the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof." 29 C.F.R. § 776.9 (quotation omitted). According to the Eleventh Circuit, for an employee to be "engaged in commerce" under the FLSA:

> [H]e must be directly participating in the actual movement of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.*, transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.*, regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006) (internal citations omitted). Employees are engaged in the production of goods for commerce if their work is closely related and directly essential to the production of goods for commerce. *Thorne,* 448 F. 3d at 1268.

There is no showing that a server working in a local restaurant (not alleged to be part of a national chain or franchise) meets any of these criteria. As such, the claim fails as a matter of law. *See Thompson v. Robinson, Inc. d/b/a/ Winter Garden Restaurant,* 2007 WL 14091, at 4 (M.D. Fla. 2007) (on similar facts, with the same counsel -- summary judgment granted to Defendants "because Plaintiff [a line cook] cannot prove he was employed in an enterprise engaged in commerce or in the production of goods for commerce."); *Casseus v. First Eagle, LLC,* 2008 WL 1782363 (S.D. Fla. 2008) (summary judgment for Defendants -- FLSA provisions did not apply to cook at family-owned

restaurant); *Russell v. Continental Rest., Inc.*, 430 F. Supp. 2d 521 (D. Md. 2006) (motion to dismiss granted in FLSA suit for minimum wage and unpaid overtime - waitress at local restaurant).

It is therefore **respectfully recommended** that the motion be **denied and the complaint be dismissed**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 29, 2008.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy